IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **OFFSHORE INLAND MARINE & OILFIELD SERVICES, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES OF AMERICA *IN PERSONAM*; USNS SEAY, ITS ENGINES, BOILERS, TACKLE, FURNITURE, APPAREL, APPURTENANCES &C *IN REM*; AND SS DENEBOLA, ITS ENGINES, BOILERS, TACKLE, FURNITURE, APPAREL, APPURTENANCES &C *IN REM***<br><br>*Defendants.* | Case No. _____<br><br>**In Admiralty**<br><br>**Fed. R. Civ. P. 9(h)** |

**VERIFIED COMPLAINT**

Plaintiff Offshore Inland Marine & Oilfield Services, Inc. makes the following verified complaint in admiralty against Defendant United States of America *in personam*; the USNS Seay, its engines, boilers, tackle, furniture, apparel, appurtenances &c *in rem*; and the SS Denebola, its engines, boilers, tackle, furniture, apparel, appurtenances &c *in rem*.

**Parties**

1. Offshore Inland is an Alabama corporation with its registered office located at 600 Zeigler Circle East, Mobile, Alabama and its principal place of business in Pensacola, Florida.

2. The United States is a sovereign entity that at all times relevant to this verified complaint acted by and through the United States Department of Defense, Department of the Navy or the United States Department of Transportation Maritime Administration.

3. The USNS Seay is owned by the United States.

4. The SS Denebola is owned by the United Sates.

## Jurisdiction

5. Subject-matter jurisdiction lies in this Court under the Suits in Admiralty Act, 46 U.S.C. §§ 30901–30918; 28 U.S.C. § 1331; and 28 U.S.C. § 1333.

6. This Court may assert personal jurisdiction over the United States because the United States may be served within the Southern District of Alabama.

7. Venue lies in this Court under 46 U.S.C. § 30906, as Offshore Inland is a resident of the Southern District of Alabama.

## Factual Allegations

### I. The USNS Seay

8. On information and belief, the Department of the Navy contracts with Boston Ship Repair, LLC to provide shipyard services to naval vessels. In the alternative, on information and belief, the Department of the Navy contracts with North Atlantic Ship Repair, LLC to provide shipyard services to naval vessels and North Atlantic sub-contracts a portion of the scope of work to Boston Ship Repair.

9. Boston Ship Repair contracted with Offshore Inland to provide certain necessaries to the USNS Seay, a vessel owned by the United States through the Department of Defense, Department of the Navy.

10. Those necessaries included repairs to the USNS Seay's cargo hold, ballast tanks, and other structural work.

11. Offshore Inland completed its work on the USNS Seay, including change orders necessitated by critical path delays and additional work not attributable to Offshore Inland.

12. Offshore Inland submitted two change orders to Boston Ship Repair, Nos. CCO-010 and CCO-011. CCO-010 detailed charges for underdeck stiffening work not defined in the original scope of work or drawings. CCO-011 detailed delay and disruption charges. Offshore Inland has not been paid for either change order.

13. Boston Ship Repair has refused to pay for the delay and disruption caused to Offshore Inland's scope of work.

14. Offshore Inland also submitted invoice number 51782 to Boston Ship Repair for necessaries provided to the USNS Seay for $109,525.54.

15. Offshore Inland is due $284,570.54 for its provision of necessaries to the USNS Seay.

16. Offshore Inland claims a lien against the USNS Seay for the unpaid balance of its work.

## II. The SS Denebola

17. On information and belief, the Department of Transportation contracts with Philadelphia Ship Repair, LLC to provide shipyard services to naval vessels. In the alternative, on information and belief, the Department of Transportation contracts with North Atlantic to provide shipyard services to naval vessels and North Atlantic sub-contracts a portion of the scope of work to Philadelphia Ship Repair.

18. Philadelphia Ship Repair contracted with Offshore Inland to provide certain necessaries to the SS Denebola, a vessel owned by the United States.

19. Offshore Inland has completed its work on the SS Denebola, including change order work for delay and disruption.

20. Offshore Inland submitted change order OIM-003 for $33,390.00, OIM-004 for $9,540.00, and OIM-005 for $9,540.00 in delay and disruption charges. Philadelphia Ship Repair has not paid any of these change orders.

21. The unpaid balance on Offshore Inland's work providing necessaries to the SS Denebola is $52,470.00.

## Count I
## Maritime Lien
## Maritime Commercial Instruments and Lien Act

22. The Maritime Commercial Instruments and Lien Act ("Act") grants a maritime lien to any person providing necessaries to a vessel on the order of the owner or a person authorized by the owner. 46 U.S.C. § 31342(a)(2).

23. The lien the Act establishes is enforceable in a civil action *in rem*. 46 U.S.C. § 31342(a)(1).

24. The Act defines "necessaries" as including "repairs, supplies, towage, and the use of a dry dock or marine railway[.]" 46 U.S.C. § 31301(4).

25. Though 46 U.S.C. § 31342(b) appears to preclude such a lien against a "public vessel," the United States Court of Appeals for the Eleventh Circuit has held in at least two published opinions that a person suing the United States *in personam* under *in rem* principles may attach a lien under 46 U.S.C. § 31342(a) to a public vehicle. *See Turecamo of Savannah, Inc. v. United States*, 36 F.3d 1083, 1087 (11th Cir. 1994) (noting that circuit precedent mandated result) *cert. denied* 516 U.S. 1028; *Bonanni Ship Supply, Inc. v. United States*, 959 F.2d 1558, 1963–64 (11th Cir. 1992) ("because Congress did not purport to alter the rights and obligations of parties under preexisting admiralty law when it enacted the [Act] … we hold

here that the district court erred in interpreting the [Act] to preclude the imposition of maritime liens on public vessels where an admiralty plaintiff sues the United States *in personal* on principles of *in rem* liability").

26. Offshore Inland has provided necessaries under the Act's meaning to the USNS Seay and SS Denebola.

27. On information and belief, the United States Department of Defense, Department of the Navy, is the owner of the USNS Seay. On information and belief, the United States Department of Defense, Department of the Navy authorized Boston Ship Repair or North Atlantic Ship repair to procure necessaries for the USNS Seay.

28. Offshore Inland has not been paid in full for the necessaries it provided to the USNS Seay, with a remaining balance of $284,570.54

29. Offshore Inland therefore has a lien against the USNS Seay for $284,570.54 plus interest.

30. On information and belief, the United States Department of Transportation is the owner of the SS Denebola. On information and belief, the United States Department of Transportation authorized Philadelphia Ship Repair or North Atlantic Ship Repair to procure necessaries for the SS Denebola.

31. Offshore Inland has not been paid in full for the necessaries it provided to the SS Denebola, with a remaining balance of $52,470.00.

32. Offshore Inland therefore has a lien against the SS Denebola for $52,470.00 plus interest.

## Count II
## Supplemental Rule C Relief

33. On information and belief, the USNS Seay will be in this judicial district during the pendency of this case.

34. Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions C(3)(a) allows the Court to issue a warrant for the arrest of the subject of an *in rem* proceeding if it appears that the conditions for an *in rem* suit are met.

35. The conditions for an *in rem* proceeding against the USNS Seay are present.

36. On information and belief, the SS Denebola will be in this judicial district during the pendency of this case.

37. Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions C(3)(a) allows the Court to issue a warrant for the arrest of the subject of an *in rem* proceeding if it appears that the conditions for an *in rem* suit are met.

38. The conditions for an *in rem* proceeding against the SS Denebola are present.

In consideration of the foregoing, Offshore Inland asks the Court to:

1. enter a judgment in Offshore Inland's favor in the principal amount of $337,040.54 plus pre- and post-judgment interest as allowable by law and attorneys' fees;

2. issue process *in rem* under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims against the USNS Seay, its engines, boilers, tackle &c, placing the vessel under the arrest, custody, and control of the United States Marshals Service of this District;

3. condemn the USNS Seay, its engines, boilers, tackle, apparel, furniture, equipment &c for sale to pay Offshore Inland's demands and claims as well as *custodia legis* costs;

4. issue process *in rem* under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims against the SS Denebola, its engines, boilers, tackle &c, placing the vessel under the arrest, custody, and control of the United States Marshals Service of this District;

5. condemn the SS Denebola, its engines, boilers, tackle, apparel, furniture, equipment &c for sale to pay Offshore Inland's demands and claims as well as *custodia legis* costs;

6. issue process in due form of law to the United States *in personam*, causing it to appear and answer all of the matters alleged;

7. afford Offshore Inland such other, further, and different relief the Court deems just and proper.

I declare under penalty of perjury that the foregoing paragraphs 1–19 and 24–30 are true and correct. Executed on August 2, 2022.

_____
Crystal Yasurek
Vice President Of Finance & Administration
Offshore Inland Marine & Oilfield Services, Inc.

Respectfully submitted this 2nd day of August, 2022.

_/s/ Michael W. Rich_
Michael W. Rich
John Kavanaugh

Attorneys for the Plaintiff
Offshore Inland Marine & Oilfield Services, Inc.

**OF COUNSEL:**

BURR & FORMAN LLP
11 North Water Street Suite 22200
Mobile, Alabama 36602
T:	251-344-5151
F:	251-344-6464
mrich@burr.com
jkavanaugh@burr.com

## Service Instructions

Please withhold *in rem* arrest of the USNS Seay and SS Denebola at this time.

Please issue process to be served by private process server on the United States Attorney for the Southern District of Alabama, who may be served by delivery to this address:

> Sean P. Costello, Esq.
> United States Attorney's Office
> 63 South Royal Street, Suite 600
> Mobile, Alabama 36602